IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION
CASE NO. 3:13-cv-00506

BRANDON HALL, Individually,

        Plaintiff,

v.

SHRI PRABHU KRUPA, INC., A Tennessee
Corporation, *doing business as* Baymont Inn,

        Defendant.
_____/

Case no. 3:13-0506
Magistrate Judge
Bryant

## FINAL ORDER APPROVING AND ENTERING CONSENT DECREE AND DISMISSING CASE

THIS CAUSE came before the Court on the Stipulation For Approval and Entry of a Consent Decree and Dismissal of the Case, and the Court having reviewed the pleadings and papers filed in this cause, and the Stipulation for Approval and Entry of Consent Decree and being otherwise fully advised in the premises, it is hereby

ORDERED AND ADJUDGED that:

1. The Consent Decree, in the form annexed hereto, is APPROVED and ENTERED, with the Court retaining jurisdiction over this matter for the purpose of enforcement of the Consent Decree;

2. The above-styled cause be and the same is hereby DISMISSED with prejudice;

3. To the extent not otherwise disposed of herein, all pending motions are hereby DENIED or moot and the case is closed.

DONE AND ORDERED in Chambers at *Nashville, Tennessee*, this *8th* day of *August*, 2014.

                                        *John Bryant*
                              UNITED STATES ~~DISTRICT~~ JUDGE
                                        MAGISTRATE

IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION
CASE NO. 3:13-cv-00506

BRANDON HALL, Individually,

        Plaintiff,

v.

SHRI PRABHU KRUPA, INC., A Tennessee
Corporation, *doing business as* Baymont Inn,

        Defendant.
_____/

## CONSENT DECREE

This Consent Decree is entered into by and between BRANDON HALL, individually hereinafter sometimes referred to as "Plaintiff," and SHRI PRABHU KRUPA, INC., A Tennessee Corporation, *doing business as* Baymont Inn, hereinafter sometimes referred to as "Defendant," on the date last executed below.

WHEREAS: The Defendant=s property is known as Baymont Inn and is located at 2350 Elm Pike, Nashville, TN 37214. Plaintiffs claim that there are architectural barriers existing at the Defendant=s property that constitute violations of the Americans With Disabilities Act that unlawfully limit the Plaintiffs= use of the property. Defendant does not admit all of the allegations of the Plaintiffs= Complaint, but recognizes that the Plaintiffs might prevail and receive some of the relief on the merit of their claim. In consideration for resolving all matters in dispute, the parties have agreed to the following terms and conditions subject to the Court entry of an Order Approving and Entering the Consent Decree.

1. All alterations, modifications, and policies required by this Consent Decree shall be completed prior to the reinspection date set forth below, unless a different completion date is otherwise stated herein. A final property reinspection conducted by Plaintiffs will take place on or after September 1, 2014, to ensure that the modifications to the subject property required below for barrier removal have been completed. A second reinspection shall occur on or after September 1, 2017. Plaintiffs= counsel, expert(s) and/or representatives shall be provided access to the building to conduct a reinspection and to verify commencement, progress and completion of the work required hereby. In any event, Defendant or its counsel, shall notify Plaintiffs counsel by Certified Return Receipt Mail when all improvements contemplated herein are completed. In the event of non-compliance with the terms and conditions of this agreement, Plaintiffs shall be entitled to immediate injunctive relief.

Defendant shall pay Plaintiffs= counsel, Fuller, Fuller and Associates, P.A.,The Higgins Firm, PLLC, for Plaintiffs= attorneys= fees, litigation expenses and expert fees, and costs incurred in this matter. The amount to be paid shall be Thirty Thousand Dollars ($30,000), payable to Fuller, Fuller & Associates, P.A. as follows: Twenty-Five Thousand Dollars ($25,000) within seven (7) days. Twenty Five Hundred Dollars ($2,500) within three (3) months. Twenty Five Hundred Dollars ($2,500) within six (6) months, for a total of Thirty Thousand Dollars ($30,000).

3. When all issues are resolved between the parties, the parties hereby agree and will request the Court to approve and enter the Consent Decree, providing for retention of jurisdiction by the Court to enforce, as necessary, the terms of this Decree.

4. In any action to enforce this Consent Decree, the prevailing party shall be entitled to attorneys= fees, costs and expert fees.

5. This Consent Decree shall be binding upon and inure to the benefit of the parties hereto and their respective successor and/or assigns. The parties shall perform their obligations under this Consent Decree in good faith.

6. The parties agree that any delays in making the modifications to the property as provided for pursuant to this Consent Decree caused by third parties, including but not limited to construction contractors, or city building officials, inspectors, or permitting departments, will not be deemed to violate the compliance dates herein as long as the Defendant makes a good faith effort to effect implementation as soon as reasonably possible thereafter.

7. Upon the Court=s approval of this Consent Decree and upon the Defendant=s full compliance with the terms and conditions of this Consent Decree, Plaintiffs hereby release and discharge Defendant, its officers, employees, agents, successors and assigns from any and all claims and causes of action which it has had arising under the Americans With Disabilities Act

8. All references to the Standards refer to the 2010 ADA Standards for Accessible Design.

9. The parties acknowledge that the modifications described in this Consent Decree shall be implemented according to the standards set out in the 2010 ADA Standards for Accessible Design. All references to figures in the paragraphs below refer to those that accompany the 2010 ADA Standards for Accessible Design and that more fully describe the considered full compliance with the ADA.

10. This Consent Decree can be executed in any number of counterparts, each of which shall be taken to be one and the same instrument, for the same effect as if all parties

hereto had signed the same signature page. A facsimile copy of any party=s signature shall be deemed as legally binding as the original signatures.

11. The Defendant is advised that under certain circumstances a tax credit and/or tax deduction may be available to businesses to help cover the cost of making access improvements. (See Sections 44 and 190 of the Internal Revenue Code.)

12. SHRI PRABHU KRUPA, INC. shall complete all modifications and submit to Plaintiffs= counsel a report summarizing the actions it has taken pursuant to this Consent Decree by **August 15, 2014**. The Defendant agrees to correct by no later than **August 15, 2014**, the ADA violations referred to in the report of

13. The Defendant agrees to modify the property as follows:

## PARKING

A. **NUMBER OF DISABLED PARKING SPACES.**

The Defendant shall provide five (5) disabled parking spaces on the property, in accordance with the requirements of the 2010 ADA Standards for Accessible Design.

B. **THE DESIGN OF THE PARKING SPACES SHALL CONFORM WITH THE ADA REQUIREMENTS.**

Defendant shall provide access from the access aisles onto the site and correct the accessible ramp so that the accessible parking access aisles and ramp are fully compliant with Sections 405, 502 of the 2010 ADA Standards for Accessible Design '36.304.

The disabled parking spaces shall conform to the requirements of the 2010 ADA Standards for Accessible Design, which provides for the disabled parking spaces to be 8' with a 5' access aisle, except that one (1) in every eight (8) accessible spaces, but not less than one (1), shall be served by an access aisle 96" inches wide minimum and shall be designated AVan accessible." Two (2) accessible parking spaces may share a common access aisle. Parking spaces and access aisles shall be level with surface not exceeding 1:50 (2%) in all directions. Each accessible parking spaces shall be designated as reserved by a vertically mounted or suspended sign showing the symbol of accessibility (see 2010 ADA Standards for Accessible Design). Spaces complying with the 2010 ADA Standards for Accessible Design shall have an additional sign AVan Accessible@ mounted below the symbol of accessibility.

C. ## STAIRWAYS

Handrails are not provided at the stairs and ramp in violation of Sections 4.8.5, 4.9.4 and Figures 17, and 19 of the ADAAG.

The handrails are not provided by steps to the vending machines in violation of Sections 4.8.5 of the ADAAG, '36.304.

The stairways do not have handrail extensions in violations of Sections 4.9.4 of the ADAAG, '36.304.

Handrails are not provided by the steps on the site in violation of Section 4.9.4 of the ADAAG, '36.304.

The stairways are in violation of Sections 4.9 and Figures 17 and 19 of the ADAAG, '36.304.

Defendant shall provide handrails and handrail extensions on both sides of the stairways inside the site and around its perimeters so that they comply with Sections 504 and 505 of the 2010 Standards for Accessible Design.

D. ## RAMPS

The assorted ramps around the site are 10 ft. long and do not have handrails in violation of Section 4.8.5 of the ADAAG, '36.304.

The assorted ramps around the site are sloped more than 1:8, with slopes ranging from 9.2% to 22.5% in violation of Section 4.8.2 of the ADAAG, '36.304.

The ramps are in violation of Section 4.8 of the ADAAG, '36.304.

Therefore Defendant shall bring the ramps into compliance with Section 405 of the 2010 ADA Standards for Accessible Design.

E. ## CURB RAMPS

The ramp slopes exceeds 1:20. It slopes 17% in violation of Section 4.8.5 of the ADAAG, '36.304. Defendant shall bring the ramp into compliance with Section 406 of the 2010 ADA Standards for Accessible Design, '36.304.

## PUBLIC RESTROOMS

F. **THE DEFENDANT=S PUBLIC RESTROOMS SHALL BE ACCESSIBLE TO**

## THE DISABLED.

The Defendant agrees to make all of the corrections necessary to bring the restrooms into compliance with the ADA. All toilet rooms shall have accessible mirrors, grab bars, dispensers, sinks with lever handles and insulation, and disabled toilet(s) at the proper height.

Women=s Toilet Compartment

In the Women=s toilet room, the water closet has a clear floor space of 20" from the side wall in violation of Section 4.16.2 of the ADAAG, '36.304.

The lavatory is mounted 36" above the finished floor (AFF) in violations of Section 4.19.2 of the ADAAG, '36.304..

There is no fire alarm provided in violation of Section 4.28.1 of the ADAAG, '36.304.

The door closing force is 6lbf in violation of Section 4.13.11 of the ADAAG, '36.304.

The Women=s toilet is in violations of Sections 4.13, 4.16, 4.19, 4.23, 4.28 and Figures 28 and 31 of the ADAAG, '36.304. Therefore, Defendant shall bring the Women=s toilet compartment into compliance with Sections 213, 215, 404, 604, 606, and 702 of the 2010 ADA Standards for Accessible Design, '36.304.

Men=s Toilet Compartment

The door closing force is 7lbf, in violation of Section 4.13.11 of the ADAAG, '36.304.

A fire alarm is not provided in the toilet compartment in violation of Section 4.28.1 of the ADAAG, '36.304.

The Men=s toilet room is in violation of Sections 4.13 and 4 of the ADAAG, '36.304.

Defendant shall bring the Men=s toilet compartment into compliance with Sections 215, 404 and 702 of the 2010 ADA Standards for Accessible Design, '36.304.

## SIGNAGE

G. **THE DEFENDANT SHALL PROVIDE SIGNS THROUGHOUT THE FACILITY ADVISING THE DISABLED OF THE ACCESSIBLE ELEMENTS OF THE FACILITY**

The Defendant shall provide signs advising the disabled of the accessible elements of the facility. This includes but is not limited to parking signs, restroom signs, signs indicating the accessible route and where there are inaccessible entrances signs directing the disabled to the accessible entrance.

ADA compliant signage shall be prominently displayed indicating that where applicable, assistance is available upon request.

The permanent identification provided for rooms and spaces around the site do not have Raised and Braille Characters in violation of Section 4.30 of the ADAAG, '36.304.

The permanent signage around the site in violation of Section 4.30 of the ADAAG, '36.304.

Defendant shall mount Raised and Braille Characters on all permanent identification that is provided for rooms and spaces in and around the site in accordance with Sections 216 and 703 of the 2010 ADA Standards for Accessible Design, '36.304 Removal of Barriers.

H. ## DOOR OPENING FORCE

The glass doorways to access the accessible guest rooms on the 2nd and 3rd floors are 11 lbf in violation of Section 4.13.11 of the ADAAG, '36.304.

The glass doors around the site are in violation of Section 4.13 of the ADAAG, '36.304. Therefore, Defendant shall provide accessible entrance doors from the elevator to the accessible guest rooms in accordance with Section 404 of the 2010 ADA Standards for Accessible Design.

## GUEST ROOMS

I. **THE DEFENDANT GUEST ROOMS SHALL BE ACCESSIBLE TO THE DISABLED.**

9.1, et seq. 4.29 and 4.28 *et seq.*

The Defendant has a total of 115 guest rooms in its facility. Pursuant to 2010 ADA Standards for Accessible Design, five (5) rooms must be fully accessible.

Furthermore, two (2) additional rooms must be fully accessible and include roll-in showers for a total of seven (7) fully accessible rooms. Defendant shall make two (2) of the fully accessible guest rooms by September 1, 2015, two (2) of the fully accessible guest rooms by September 1, 2016, and the remaining three (3) of the fully accessible guest rooms by September 1, 2017. The Defendant shall reconfigure its fully accessible guest rooms to be accessible not only as to toilet and bathroom facilities but additionally as to path of travel in the room, accessible counter space, accessible tables and closet space. The Defendant will ensure that lighting controls and air conditioning controls are reachable pursuant to the 2010 ADA Standards for Accessible Design and that visual alarms for both telephones and fire/smoke warnings are installed, as well as notification devices, in the number of rooms mandated by the 2010 ADA Standards for Accessible Design; or, alternatively, provide equivalent facilitation as provided in the 2010 ADA Standards for Accessible Design.

J. **POLICIES AND PROCEDURES**

The hotel shall provide Plaintiff=s attorney a written policy, practice, or procedures for employee training, in employee manuals, etc. as well as information about assorted services provided to people with disabilities and how to use them. Also the hotel shall include a section, with a page in the hotel service book in each guest room that informs the disabled guest of these services and numbers to contact for them in accordance with Section '36.302.

K. **PATH OF TRAVEL**

No access is provided to vending machines from inside the site in violation of Sections 4.3.1, 4.3.2, 4.3.3 of the ADAAG, '36.304.

A 25" wide path is provided to the ice machine in violation of Sections 4.3.1, 4.3.2, and 4.3.3 of the ADAAG, '36.304.

The path of travel to the vending machines is in violation of Section 4.3 of the ADAAG, '36.304.

Defendant shall provide access to the vending machines in accordance with Sections 206, 402, and 403 of the 2010 ADA Standards for Accessible Design, '36.304.

**DRINKING FOUNTAINS**

L. **DRINKING FOUNTAINS SHALL BE ACCESSIBLE**

Drinking fountains shall be provided in accordance with the 2010 ADA Standards for Accessible. This includes placing the drinking fountain at the proper height

and using a drinking fountain that is designed to allow enough depth for someone in a wheelchair to reach the drinking fountain, as provided for in the 2010 ADA Standards for Accessible.

The bottom of the drinking fountain is 13" AFF in violation of Section 4.15.5 and Figure 27 a & b of the ADAAG, '36.304.

The drinking fountain is in violation of Section 4.15 of the ADAAG, '36.304. Therefore, Defendant shall provide an accessible drinking fountain in accordance with Section 306.3.3 of the 2010 ADA Standards for Accessible Design.

M.                              **TABLES**

The tables are 24" wide and 11" deep in violation of Section 4.32.3 and Figure 45 of the ADAAG, '36.304.

The width underneath two (2) tables together is 21" wide in violation of Section 4.32.3 and Figure 45 of the ADAAG.

The tables are in violation of Section 4.32 of the ADAAG, '36.304. Therefore, Defendant shall provide at least 5% of the tables to comply with Sections 226 and 902 of the 2010 ADA Standards for Accessible Design, '36.304.

[SPACE IS INTENTIONALLY BLANK]

SIGNATURES OF PARTIES:

PLAINTIFF:

By: *Brandon Hall*　　　　　　　　　　Date: 7/28/14
　　BRANDON HALL


DEFENDANT:

By: *[signature]*　　　　　　　　　　Date: 7/25/14
　　SHRI PRABHU KRUPA, INC.

4453-TN/Signatures